IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATTHEW JOHN THOMPSON,

      Plaintiff,

v.                                     CASE NO. 4:14-cv-287-MW-GRJ

JOHN LONG, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C § 1983. Doc. 1. Plaintiff has neither paid the $400 civil rights filing fee nor filed a motion for leave to proceed as a pauper. The case is before the Court for initial screening pursuant to 28 U.S.C § 1915A. For the reasons discussed below, the Court concludes that Plaintiff has failed to truthfully fill out the complaint form and, therefore, Plaintiff's complaint should be dismissed for abuse of the judicial process.

## DISCUSSION

Plaintiff's claims stem from a mouth condition resulting in sores. Plaintiff's allegations reflect that he has been seen by prison medical staff for the condition on numerous occasions since arriving at Liberty CI in January 2010, but that staff have been unable to determine the cause of the condition. Plaintiff alleges that he was seen by an ENT specialist, but that the specialist was a "quack." Plaintiff contends that the condition causes bad breath, which places him in physical danger. For relief, Plaintiff seeks a diagnosis and treatment for the condition, as well as compensatory and

punitive damages.  Doc. 1.

Plaintiff executed the civil rights complaint form under penalty of perjury.  Doc. 1 at 7.   Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits.  *Id*. at 3.  Section IV. B & C. require prisoners to disclose whether they have initiated actions in federal or state court "with the same or similar facts/issues involved in this action," or "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" In response, Plaintiff identified one federal civil rights case and one state habeas corpus case: *Thompson v. Smith*, Case No. 4:13-cv-71-WS-CAS Doc. 40 (5/7/14) (dismissing Complaint for failure to state a claim upon which relief may be granted); and *Thompson v. State*, Case No. 08-7329 (Fla. 6th Cir.).

Section IV. D. of the complaint form requires prisoners to disclose whether they have "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each case so dismissed.  Plaintiff identified no cases in this section.

The Court's investigation of Plaintiff's litigation history reflects that Plaintiff has filed at least three additional federal civil rights cases while he has been incarcerated. *See Thompson v. Pennington*, Case No. 4:13-cv-15-MW-CAS Doc. 43 (3/24/14) (dismissing case pursuant to Plaintiff's notice of voluntary dismissal after Defendants entered an appearance and filed a motion to dismiss); *Thompson v. Sikes*, Case No. 4:13-cv-341-MW-CAS Doc. 11 (11/12/13) (granting motion for voluntary dismissal after

vacating R&R dismissing for failure to prosecute); *Thompson v. Flowers*, 4:13-cv-501-RH-CAS (case served on defendant; answer to complaint pending).  The Court confirmed that the plaintiff in these cases is the same as the plaintiff in this case, having been identified by his DOC inmate number (R64543).

In view of Plaintiff's *pro se* status, the Court afforded him an opportunity to show cause as to why this case should not be dismissed for abuse of the judicial process. Plaintiff filed a response stating that he should be held to a "less stringent standard" and that he is willing to file an amended complaint.  Plaintiff submitted a list of his prior cases that duplicates the list set forth in the Court's order to show cause.  Plaintiff does not contend that he was unable to understand the instructions on the form, or that he was prevented in some way from truthfully completing the form.  Doc. 4.

The Court finds under these circumstances that Plaintiff has not shown any excusable cause for his failure to truthfully complete the complaint form.  The Court must be able to rely upon the veracity of the allegations and representations in a prisoner complaint.  Untruthfulness – for whatever reason – cannot be tolerated. If the Court was to turn a blind-eye to a prisoner's failure to list all other federal litigation, the message would be clear to other prisoners that the requirement to make full disclosure is aspirational only with no consequences.

Accordingly, where as here, it is clear that there is no basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's*

*Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the

Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not

disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but

the Court held that the district court had the discretion to conclude that the plaintiff's

explanation did not excuse his misrepresentation because the complaint form "clearly

asked Plaintiff to disclose previously filed lawsuits[.]"   *Id*.  The Court determined that

dismissal was an appropriate sanction:

> [A] district court may impose sanctions if a party knowingly files a pleading
> that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se*
> pleadings are held to a less stringent standard than pleadings drafted by
> attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding
> procedural rules.

*Id*. (citing *McNeil v. United States,* 508 U.S. 106 (1993)).

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes"

provision, the information required on the form assists the Court in efficiently managing

prisoner litigation by showing whether a complaint is related to or is affected by another

case.  The failure to exercise candor in completing the form, while acknowledging that

the answers are made under penalty of perjury, impedes the Court in managing its

caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4;

*Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3,

2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little

or no disincentive for his attempt to evade or undermine the purpose of the form.

Furthermore, if word spread around the prisons that the questions on the complaint

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, dismissal without prejudice is an appropriate sanction for Plaintiff's failure to disclose his previous federal cases without being overly harsh. The sanction will not prejudice Plaintiff's ability to file another lawsuit and seek leave to proceed as a pauper, if he so chooses, with a complaint form properly and truthfully completed.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for abuse of the judicial process. Although the dismissal should be without prejudice the dismissal should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** this 22nd day of August 2014.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.